UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 07-20027-CIV-COOKE

ELDIS M. VERDAZCO,

    Petitioner,

v.

ALBERTO GONZALES, *et al.*,

    Respondents.

_____/

**ORDER GRANTING RESPONDENTS' MOTION TO DISMISS AND/OR FOR REMAND**

**THIS CAUSE** is before the Court upon Respondents' Motion to Dismiss and/or for Remand (DE 7), filed March 12, 2007. The Court having reviewed the Motion finds, for the reasons set forth below, that the Motion should be granted.

**I.    BACKGROUND**

On January 4, 2007, Eldis M. Verdazco ("Petitioner" or "Verdazco") filed a Petition for Hearing on Naturalization Application. Petitioner is a native and citizen of Cuba who obtained lawful permanent resident status in the U.S. on August 22, 1998. Petitioner filed an Application for Naturalization in the early part of 2004. On February 17, 2005, Petitioner was interviewed in connection with his Application for Naturalization. On that same day, Petitioner received his naturalization interview results which indicated that he had successfully passed the required English, U.S. history, and government tests. Nevertheless, as of the date of this Order, the Petitioner's Application for Naturalization has yet to be adjudicated.

## II. REMAND TO THE USCIS IS WARRANTED

In their Motion, Respondents requests that this matter be remanded to the United States Citizenship and Immigration Service ("USCIS") so that the USCIS may complete the required security background checks for Petitioner's Application. Notably, Respondents did not argue that this Court lacks subject matter jurisdiction over this action.[1] In opposition, Petitioner argues that there has been an undue delay in the adjudication of his Application and therefore this Court should adjudicate the Application itself.

This Court's subject matter jurisdiction in this action derives from § 336(b) of the Immigration and Nationality Act ("INA"). See Hussein v. Gonzales, No. 306-497J-32MCR, 2007 WL 328691 (M.D. Fla. Jan. 31, 2007). Section 336(b) of the INA states:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C. § 1447(b). Thus, the INA empowers this Court to adjudicate Petitioner's Application for Naturalization. However, § 335 of the INA establishes that before a person may be naturalized the USCIS must conduct a background investigation of that person. See 8 U.S.C. § 1446; 8 C.F.R. § 335.1. Therefore, while § 336(b) of the INA empowers this Court to adjudicate an Application for Naturalization — where there is a failure to make a determination before the

---

[1] It appears that Petitioner's Counsel did not thoroughly review Respondents' Motion because in his opposition brief Counsel raised several defensive arguments concerning the Court's subject matter jurisdiction. However, the Respondents did not challenge the Court's subject matter jurisdiction in this action. The Court, therefore, will not address Petitioner's arguments regarding subject matter jurisdiction.

end of the 120-day period after the date on which the examination is conducted — the background investigation required under § 335 of the INA still must be completed before an applicant can be naturalized.

Petitioner did not provide this Court with any authority to support the proposition that the Court may grant a petition for naturalization without completion of the background checks required under § 335.  Furthermore, this Court's own independent research did not uncover any such authority.  As a result, if this Court chose to adjudicate Petitioner's Application it would be required to complete a background security investigation of Petitioner.  The Court, however, lacks the resources necessary to properly conduct such a background security investigation.  Moreover, the USCIS is far better suited to interpret the results of a background security investigation.  See Manzoor v. Chertoff, 472 F.Supp.2d 801, 808 (E.D. Va. 2007).  Consequently, the Court will not intrude into the provinces of the USCIS and the Federal Bureau of Investigations ("FBI").

The Court recognizes that administrative delays may frustrate the Petitioner.  But the Court must be mindful that the background investigations are necessary to protect national security.  Furthermore, the Court is unwilling to jump Petitioner's Application to the front of the line as it may create perverse incentives for other naturalization applicants seeking to expedite their applications.  The Court, therefore, shall remand this matter to the USCIS for completion of the required background security checks and determination of Petitioner's Application for Naturalization.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Respondents' Motion to Dismiss, or in the alternative, Motion to Remand

    to USCIS (DE 7) is **DENIED IN PART AND GRANTED IN PART**.

2.  This matter is **REMANDED** to the USCIS for prompt adjudication of Petitioner's Application for Naturalization.

3.  If the USCIS has not rendered a decision on Petitioner's Application by June 30, 2008, then Petitioner shall file a notice with the Court setting forth the status of the Application. Upon receipt of the notice, the Court will consider reopening this matter and adjudicating Petitioner's Application in accordance with § 336(b) of the INA.

4.  The Clerk is directed to administratively **CLOSE** this case. All pending motions not otherwise ruled upon are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 19th day of April, 2007.

_____
MARCIA G. COOKE
United States District Judge

*Copies furnished to:*

*All Counsel of Record*